## LEE *a.* WILKES.

*Supreme Court, First District; General Term, May,* 1865.

NON-JOINDER OF PARTIES.—PLEADING.—VARIANCE.

The objection that one who was jointly liable with the defendant, is not joined with him as a party in the action, is not available to defeat the action, unless it is set up by pleading. An objection to it at the trial, as a variance, cannot prevail.

Appeal from a judgment on a verdict.

The plaintiff sued the defendant, one of the proprietors of a newspaper, for compensation for services as a reporter or otherwise. At the trial, before Mr. Justice LEONARD, the defendant's counsel moved for a nonsuit, on the ground that the plaintiff had not joined the other owners. This the court overruled, on the ground that no such defence had been set up in the defendant's answer.

The jury rendered a verdict for the plaintiff, and the defendant appealed to the general term.

*John K. Hackett*, for the appellant.

*D. & T. McMahon*, for the respondent.

BY THE COURT.*—CLERKE, J.—This case is too clear for argument. Previous to the adoption of the Code of Procedure, the non-joinder of a co-promisor could be taken advantage of only by a plea in abatement. Such pleas being abolished by the Code, the 144th section provides that when any of the defences enumerated in that section exist, among which is a defect of parties, the defendant may demur when the defect shall appear on the face of the complaint.

Section 147 provides, that when any of these defects do not

---

* Present, LEONARD, P. J., CLERKE and SUTHERLAND, JJ.

appear on the face of the complaint, the objection may be taken by answer.

And section 148 provides, that when no such objection shall be taken, either by demurrer or answer, the defendant shall be deemed to have waived the same, excepting only the objection to the jurisdiction of the court, and the objection that the complaint does not state facts sufficient to constitute a cause of action.

It is no answer to this to say, that the proof shows a joint liability of the defendant; this may be a variance, but it constitutes the very objection the defendant shall be deemed to have waived.

Judgment should be affirmed, with costs.